IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH FRANKLIN, # 10117-003                                          PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:10-cv-2-DCB-MTP

BRUCE PEARSON                                           RESPONDENT

MEMORANDUM OPINION

This matter is before the court, sua sponte, for dismissal. The petitioner is presently incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi and filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 on January 14, 2010. As relief, petitioner is requesting that forty months served in state custody be credited to his federal sentence.

I. Background

Petitioner pleaded guilty to possession of a firearm in furtherance of drug trafficking and forfeiture in the United States District Court for the Western District of Kentucky on August 4, 2006.[1] Resp. [5-2], p. 15. Petitioner was sentenced to serve sixty months in the custody of the Bureau of Prisons. Id. at p. 2. Petitioner states that he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Kentucky, which was denied on September 23, 2008, as time barred. Pet. [1], p. 2.

Prior to his guilty plea, petitioner was in state custody in Kentucky, serving a state sentence for possession of a controlled substance, receiving stolen property (firearm) and assault. Resp. [5-2], p.2. Petitioner asserts that he should receive a forty-month sentence credit towards

---

[1] Petitioner was also indicted for possession with intent to distribute amphetamine and possession of marijuana. These two counts were dropped as a part of petitioner's guilty plea agreement. Resp. [5-2], p. 11.

his federal sentence for the time he spent in state custody.

This court entered an order [2] on January 27, 2010, directing petitioner to inform this court if he had received credit towards his state sentence for the time that he is requesting to be credited to his federal sentence. On February 5, 2010, petitioner filed a response [3] stating that he did receive credit from the Kentucky Department of Corrections for this same forty-month time period. However, petitioner argues that he is entitled to a credit for that time towards his federal sentence as well "pursuant to U.S.S.G. § 5G.1.3(b)" because he was "subject[ed] to double jeopardy for the same conduct." Resp. [3], p. 1.

In order to clarify petitioner's allegations regarding double jeopardy and the sentencing guidelines, this court entered a second order to amend [4] on March 12, 2010. Petitioner filed a response [5] to that order on March 26, 2010. Petitioner clarified his argument by stating that he has been subjected to double jeopardy as he has received multiple punishments for the same offense. Petitioner explains that his federal and state convictions, are "part of the same course of conduct and he has been prosecuted in the [f]ederal and [s]tate [c]ourts for different criminal transactions that are part of the same course of conduct." Resp. [5-2], p. 2.

## II. Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448,

451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). As discussed below, petitioner is challenging the manner in which his sentence is being executed as well as alleged errors that occurred during or before sentencing. For the following reasons, this court cannot grant the habeas relief requested by petitioner.

    a. Sentence credit

First, this court will address petitioner's request for credit towards his federal sentence for time spent in Kentucky state custody, which is properly pursued in a § 2241 petition. Petitioner has exhausted his administrative remedies regarding the claims presented in his petition. Resp. [3], p. 1. In reviewing petitioner's requests for administrative remedy and the Bureau of Prisons' (BOP) responses, it appears that petitioner is requesting a nunc pro tunc designation in order to receive retroactive concurrent designation of his state and federal sentences. In response to petitioner's request for administrative remedy, the BOP states that it reviewed petitioner's file and determined that the commencement of petitioner's sentence by way of a concurrent designation was not consistent with federal statute or BOP policy. The BOP's response went on to state that 18 U.S.C. § 3585(b) "precludes credit which has been applied to another sentence" and that his federal sentence is correctly calculated and began on the day he was paroled from state custody. Resp. [3], p. 17.

Petitioner clearly states in his response [3], that he has received credit for this forty-month time period towards his state sentence. Title 18 U.S.C. § 3585(b) allows for an inmate to receive credit "toward the service of a term of imprisonment for any time he has spent in official

3

detention prior to the date the sentence commences . . . that has not been credited against another sentence." See U.S. v.Wilson, 503 U.S. 329, 333 (1992) (§ 3585(b) only authorizes credit for detention that has not be credited towards another sentence); Jackson v. Casterline, No. 99-30919, 2000 WL 1029187, at *2 (5th Cir. Jul. 14, 2000) (when petitioner received credit towards his state sentence for the time served before his federal sentence commenced, the BOP was prohibited from awarding petitioner credit towards his federal sentence). Therefore, since the petitioner received credit toward his state sentence for the time in question, he is precluded by 18 U.S.C. § 3585(b) from the receipt of credit toward his federal sentence for the same time period.

### b. Double jeopardy and sentencing guidelines

Next, this court addresses petitioner's claims that he has been "subject[ed] to double jeopardy for the same conduct" and that he is entitled to credit towards his federal sentence in light of U.S.S.G. § 5G1.3[2]. Resp. [3], p. 1. As to petitioner's assertion that he has been subjected to double jeopardy, he is alleging that since the conduct for which he was convicted in federal court arose out of the same conduct as his state court conviction, he cannot be punished in both federal and state jurisdictions. As to petitioner's claim relating to the sentencing guidelines, he argues that since his convictions arose out of the same conduct, he should have received concurrent sentences as opposed to consecutive sentences.

Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address this constitutional issue presented by the petitioner. "A section 2241

---

[2] The sentencing guideline referenced by petitioner relates to federal and state convictions which arise out of the same conduct.

4

petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452.

Petitioner asserts § 2255 is an inadequate or ineffective remedy because he has previously filed a § 2255 motion in the sentencing court, presenting similar claims, which were denied as time barred. However, the United States Court of Appeals for the Fifth Circuit has held that a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Therefore, this court finds petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive.

### III. Conclusion

Therefore, this § 2241 petition will be dismissed, without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice. See Pack, 218 F.3d at 454-55.

---

[3] 28 U.S.C. § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate or ineffective to test the legality of his detention</u>.

A final judgment in accordance with this memorandum opinion will be entered.

This the   26th   day of July, 2010.

                                                  s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE